UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHAEL P.,[1]

                                  Plaintiff,        Case # 19-CV-6755-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

Plaintiff Rachael P. brings this action pursuant to Title XVI of the Social Security Act seeking review of the denial of her application for Supplemental Security Income benefits.

Plaintiff applied for benefits on March 13, 2016, alleging disability due to depressive disorder, anxiety, and substance abuse. Tr.[2] 231, 252. After the Social Security Administration ("SSA") denied her application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 108. On October 3, 2018, the ALJ issued an unfavorable decision. Tr. 17.

Plaintiff sought review from the Appeals Council and submitted additional evidence. Tr. 10. The Appeals Council denied Plaintiff's request for review, the SSA's decision became final, and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 16. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

**LEGAL STANDARD**

**I.      District Court Review**

When a district court reviews a final decision of the SSA, it does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**II.     Disability Standard**

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. Tr. 22. At step two, the ALJ assessed Plaintiff with the severe mental impairments of depression/anxiety with borderline personality disorder and history of substance abuse. Tr. 22. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 23. The ALJ then determined that Plaintiff had the RFC to perform medium work, except that she was limited to low stress work (defined as work involving only occasional decision-making), only occasional interaction with coworkers, and no work with the general public. Tr. 24. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 27. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 27. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 28.

**II.    Analysis**

Plaintiff argues that remand is required because the Appeals Council erred when it declined to consider new evidence that Plaintiff submitted after the ALJ's decision, namely, an opinion from Plaintiff's treating therapist, Amy Shoff, LMSW. The Commissioner argues that the new evidence was not reasonably likely to have changed the Commissioner's decision, and therefore, the Appeals Council correctly declined to consider it. *See Reilly v. Comm'r of Soc. Sec.*, No. 18-CV-1269-FPG, 2020 U.S. Dist. LEXIS 207484, at *23-24 (W.D.N.Y. Nov. 5, 2020) (holding that the Appeals Council must consider new evidence related to the period on or before the ALJ's decision if it is material, meaning there is a reasonable probability that it would have influenced

the Commissioner to decide the claimant's application differently). The Court agrees with Plaintiff.

The new opinion from Therapist Shoff indicated that, for 25% of more of the time, Plaintiff would be unable to accept criticism/correction from supervisors, work in coordination with or proximity to co-workers, and interact with the general public without becoming excessively irritable, argumentative, and/or suspicious. Tr. 12. Critically, she also opined that Plaintiff would be unable to maintain regular attendance and punctuality within customary tolerances for 25% or more of the time, and would be absent from work more than four days per month. Tr. 13-14.

The Appeals Council found that this evidence did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision" and indicated that it "did not consider and exhibit this evidence." Tr. 2.

The Court disagrees. Although the Appeals Council concluded, without any explanation, that Ms. Shoff's opinion did not show a "reasonable probability" of changing the outcome of Plaintiff's case, her opinion that Plaintiff would be unable to maintain regular attendance and punctuality and would be absent from work more than four days per month undermines the ALJ's determination that Plaintiff would be independently able to maintain a normal routine. Tr. 26.

Additionally, Ms. Shoff's opinion is the only valuable opinion from a treating source in the record. (Ms. Shoff had previously opined that Plaintiff was unable to work, Tr. 703-04, but the ALJ rejected that opinion as conclusory. Tr. 27.). A consultative examiner, Kristina Luna, Psy. D., opined that Plaintiff would have no limitations in maintaining a regular schedule, Tr. 457, but Ms. Luna was not a treating source.

The Court recognizes that, as a licensed master social worker, Ms. Shoff is an "other source," rather than an "acceptable medical source," whose opinion is not entitled to controlling

weight. *See Smalls v. Colvin*, No. 1:16-cv-1717 (PAE) (KHP), 2017 U.S. Dist. LEXIS 38972, at *46 (S.D.N.Y. Mar. 15, 2017). But evidence from "other sources," including social workers, may be based on "special knowledge" of the claimant and "provide insight" into the severity of the claimant's impairments and functional limitations. S.S.R. 06-03p, 2006 SSR LEXIS 5. Depending on the facts of the case, the opinion of an "other source" can outweigh the opinion of an acceptable medical source if, for example, she has seen the individual more often and has provided better supporting evidence and a better explanation for her opinion. *Id.* at *13.

Here, Ms. Shoff's opinion is particularly important to Plaintiff's disability application because Dr. Luna, the consultative examiner, provided the only other medical opinion as to Plaintiff's ability to perform mental work functions, and the ALJ relied heavily on that opinion. Tr. 25-26. Dr. Luna examined Plaintiff only one time on May 18, 2016. Tr. 453. Ms. Shoff, in contrast, treated Plaintiff between September 27, 2016 and November 13, 2018, and indicated that her opinion related back to June 19, 2015. Tr. 14-15. Ms. Shoff's assessment also contained narrative explanations and was supported by years of treatment notes, which indicated that Plaintiff self-isolated, had trouble leaving her home, and was assigned a "goal" of finding it easier to leave her home and keep appointments. *See, e.g.*, Tr. 649, 664, 682. If Ms. Shoff's opinion that Plaintiff would be unable to maintain a routine more than 25% of the time and would be absent from work more than four days a month were considered and credited, it would likely lead to a determination that Plaintiff was disabled.

Accordingly, the Court finds that there is a reasonable probability that Ms. Shoff's opinion could have changed the outcome of Plaintiff's case, the Appeals Council erred by refusing to consider it.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 12, is GRANTED, the Commissioner's motion, ECF No. 16, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 28, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court